**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/1/2026__
```

| | |
|---|---|
| YEBO CAO, | |
| Plaintiff, | |
| -against- | |
| HARMONIA HOLDINGS, LTD., | |
| Defendant. | |

**ORDER TO ISSUE SUBPOENAS**

**25-CV-4662 (GBD) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Defendant Harmonia Holdings, Ltd. ("Harmonia") submitted a letter dated April 24, 2026, requesting that this Court "so order" a Rule 45 subpoena duces tecum that Harmonia wishes to serve on U.S. counsel for Royo, a U.K. entity that is a party in another case pending in this District. The documents sought include electronic communications and documents.

Rule 45 permits service of a subpoena at any place within the United States. FED. R. CIV. P. 45(b)(2). It also permits service upon a United States national or resident who is in a foreign country pursuant to 28 U.S.C. § 1783. FED. R. CIV. P. 45(b)(3). It does not permit service on foreign nationals residing in a foreign country. *In re Three Arrows Capital, Ltd.*, 647 B.R. 440, 448 (Bankr. S.D.N.Y. 2022) (citing cases); *Aristocrat Leisure Ltd. V. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009); *see also United States v. Taveras*, No. 04 Crim 156, 2006 WL 1875339, at *15 (E.D.N.Y. July 5, 2006) ("[T]he federal district court's power of subpoena does not extend to non-citizens beyond the nation's borders.").

Additionally, although it is true that service of a complaint on a foreign national's U.S. counsel pursuant to Rule 4(f)(3) has been deemed "reasonably calculated" to give notice and an opportunity to respond to a foreign national, see, e.g., *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D.

508 (S.D.N.Y. 2013); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 263–64 (S.D.N.Y. 2012), Harmonia cites no authority supporting extension of this rule for Rule 45 subpoenas.

However, courts have held that a subpoena for documents served on a foreign corporation in the United Kingdom and Europe by registered mail is proper and consistent with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *Aristocrat Leisure Ltd.*, 262 F.R.D. at 307-08; *Ackermann v. Levine*, 788 F.2d 830, 839 (2d Cir. 1986); *G.A. Modefine, S.A. v. Burlington Coat Factory Warehouse Corp.*, 164 F.R.D. 24, 25 (S.D.N.Y. 1995). Therefore, Harmonia may request documents consistent with the Hague process and serve Royo by registered mail so long as it also submits sufficient proof of service with the Court.  This Order does not preclude Harmonia from serving a copy of the subpoena on Royo's New York counsel as a courtesy.  This Order also does not preclude Royo from raising objections and/or moving to quash, subject to this Court's rules and meet-and-confer obligations.

This resolves the motion at ECF No. 28.

**SO ORDERED.**

Dated:    May 1, 2026
New York, New York

KATHARINE H. PARKER
United States Magistrate Judge